The conclusion reached by my colleagues can only confuse trial courts and exacerbate the inherent difficulty of their task. On one hand, the majority concludes that the decision of the trial court to deny a request for a continuance of the trial so that purported unsubpoenaed material witnesses could be made available, was a proper exercise of judicial discretion. On the other hand, they found that the failure to subpoena those material witnesses was indicative of ineffective assistance of counsel, and reversed the conviction of appellant.
I submit that if, in fact, legal counsel was ineffective because he failed to subpoena witnesses, it was an abuse of the discretion of the trial court to fail to remedy the deficiency when it had an opportunity to do so. Conversely, where (as here) the trial court properly rejected a request for a delay in the trial court, that reasonable act of denial cannot be transformed into the unreasonable (i.e. indicative of ineffective counsel).
Accordingly, I would have found a lack of merit in both of the assignments of error submitted to this court in the case sub judice. Therefore, I respectfully dissent from the majority relative to their disposition of the second assignment of error, and concur with their opinion with regard to appellant's first assignment of error.